IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**TREADWAY LEVON MANNING,**         :   CIVIL ACTION NO. 1:12-CV-385
                                    :
      **Petitioner,**               :   (Judge Conner)
                                    :
**v.**                              :
                                    :
**WARDEN BLEDSOE,**                 :
                                    :
      **Respondent**                :

## MEMORANDUM

Presently before the court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. 1) filed by petitioner Treadway Levon Manning ("Manning), a federal inmate incarcerated at the United States Penitentiary at Allenwood, White Deer, Pennsylvania. Preliminary review of the petition has been undertaken, see R. GOVERNING § 2254 CASES R.4[1], and, for the reasons set forth below, the petition will be dismissed for lack of jurisdiction.

## I. Background

Manning was convicted of possession of a firearm by a felon, using and carrying a firearm during a crime of violence, and obstruction of commerce by armed robber y in the United States District Court for the District of South Carolina. U.S. v. Manning, No. 98-4738 2000 WL 1468444, at *1 4th Cir. Oct. 3, 2000); U.S. v. Manning, 232 F.3d 891 (4th Cir. 2000) (Table). On November 1, 1998, he was sentenced as an armed career criminal to life imprisonment plus sixty months. Id.

---

[1]These rules are applicable to petitions under 28 U.S.C. § 2241 in the discretion of the court. See R. GOVERNING § 2254 CASES R.1(b).

He filed a timely notice of appeal. On October 3, 2000, the United States Court of Appeals for the Fourth Circuit affirmed the conviction and sentence. (Id.) He filed a petition for writ of certiorari with the Supreme Court of the United States on September 5, 2005. (Id.) The petition was denied on April 17, 2006. (Id.) He also filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255 on February 19, 2004, in the United States District Court for the District of South Carolina. (See electronic docket, Manning v. United States, D. S.C. Civil Action No. 4:04-CV-0517, Doc. 1, obtained *via* http://www.pacer.gov.) On March 31, 2004, a memorandum and order issued denying and dismissing the Section 2255 motion as untimely. (Id. at Doc. 3.) Manning appealed. (Id.) On March 15, 2005, the appeal was dismissed. (Id. at Doc. 9; United States v. Manning, 129 F. App'x 752 (4th Cir. 2005).)

The instant petition was filed on February 29, 2012. (Doc. 1.) Therein he complains of sentencing irregularities, raises issues of double jeopardy, and argues that he is actually innocent of certain crimes for purposes of application of the Armed Career Criminal Act.

## II. Discussion

Challenges to the legality of federal convictions or sentences that are allegedly in violation of the Constitution may generally be brought only in the district of sentencing pursuant to 28 U.S.C. § 2255. Okereke v. United States, 307 F.3d 117 (3d Cir. 2002) (citing Davis v. United States 417 U.S. 333, 342 (1974)); see In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997). Once relief is sought *via* section 2255, an individual is prohibited from filing a second or subsequent 2255 petition unless the

request for relief is based on "newly discovered evidence" or a "new rule of constitutional law." 28 U.S.C. § 2255.

Further, such claims may not be raised in a § 2241 petition except in unusual situations where the remedy by motion under § 2255 would be inadequate or ineffective. See 28 U.S.C. § 2255; see Dorsainvil, 119 F.3d at 251-52. Importantly, §2255 is not "inadequate or ineffective" merely because the sentencing court has previously denied relief. See id. at 251. Nor do legislative limitations, such as statutes of limitation or gatekeeping provisions, placed on § 2255 proceedings render the remedy inadequate or ineffective so as to authorize pursuit of a habeas corpus petition in this court. Cradle v. United States, 290 F.3d 536, 539 (3d Cir. 2002); United States v. Brooks, 230 F.3d 643, 647 (3d Cir. 2000); Dorsainvil, 119 F.3d at 251. If a petitioner improperly challenges a federal conviction or sentence under section 2241, the petition must be dismissed for lack of jurisdiction. Application of Galante, 437 F.2d 1154, 1165 (3d Cir. 1971).

Although petitioner's claims fall within the purview of § 2255, there is no indication in the record that he sought permission to file a second or successive § 2255 motion as required by 28 U.S.C. § 2244(b)(3)(A). He has made no showing that § 2255 is inadequate or ineffective to test the legality of his conviction and sentence. Further, the remedy afforded under § 2241 is not an additional, alternative, or supplemental remedy to that prescribed under § 2255. Consequently, the court will dismiss this § 2241 petition for lack of jurisdiction.

An appropriate order will issue.

   S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

Dated:       May 2, 2012

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **TREADWAY LEVON MANNING,** : | CIVIL ACTION NO. 1:12-CV-385 |
| **Petitioner,** : | (Judge Conner) |
| v. : | |
| **WARDEN BLEDSOE,** : | |
| **Respondent** : | |

## **ORDER**

AND NOW, this 2nd day of May, 2012, upon consideration of the petition for writ of habeas corpus (Doc. 1), and for the reasons set forth in the accompanying memorandum, it is hereby ORDERED that:

1. The petition for writ of habeas corpus (Doc. 1) is DISMISSED for lack of jurisdiction.

2. Petitioner's motion to supplement (Doc. 8) is DENIED.

3. The Clerk of Court is directed to CLOSE this case.

                                                S/ Christopher C. Conner
                                                CHRISTOPHER C. CONNER
                                                United States District Judge